

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS J. JEAN-LOUIS, Private Attorney General, | No. 14-57006 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00199-AB-JCG |
| v. | |
| J.P. MORGAN CHASE BANK, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted January 11, 2017
Pasadena, California

Before: KOZINSKI and WATFORD, Circuit Judges, and BENNETT,** District Judge.

**1.** The district court did not abuse its discretion by denying Louis Jean-

Louis's motion under Federal Rule of Civil Procedure 60(b) for relief from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

district court's April 24, 2014, dismissal order. The district court did not explicitly reference the four factors in *Bateman v. United States Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000), but its order reflects consideration of each of them. Specifically, the district court found that granting relief would prejudice the defendants by requiring them to re-file a nearly identical motion to dismiss (factor one), which would needlessly prolong the proceedings (factor two). The district court also found that Jean-Louis's stated reason for the delay—that he had not been served with the court's order—was not credible (factor three), and that Jean-Louis was not acting in good faith by virtue of his apparent reliance on the undisclosed assistance of an attorney (factor four). Jean-Louis fails to identify any authority compelling a contrary conclusion as to any of these factors.

**2.** The district court properly dismissed claims 1–4, 6, and 8–9. Each of these claims is predicated on alleged contractual breaches that Jean-Louis lacks standing to litigate.

Jean-Louis lacks standing to assert claims seeking to invalidate his mortgage note and deed of trust based on the allegation that their assignment to a mortgage-backed security trust violated the terms of the applicable pooling and servicing agreement (PSA). California courts have repeatedly held that borrowers lack standing to challenge the validity of a mortgage assignment based on alleged

violations of the PSA. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814–15 (Ct. App. 2016); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 512–15 (Ct. App. 2013).

For the same reason, Jean-Louis lacks standing to assert claims predicated on the allegation that the defendants lack the right to service his loan or foreclose on his property. These claims, too, rest on Jean-Louis's contention that the assignment of his mortgage note and deed of trust violated the terms of the applicable PSA. In order to prevail on these claims, Jean-Louis would again need to prove that the terms of the PSA had been violated, a matter that he lacks standing to litigate.

*Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919 (2016), does not compel a contrary conclusion in this case. There, the California Supreme Court limited its "narrow" holding to borrowers who have "suffered a nonjudicial foreclosure," and the court expressly stated that its holding should not be construed to reach borrowers "attempt[ing] to preempt a threatened nonjudicial foreclosure." *Id.* at 924. According to the complaint, Jean-Louis's property has not been subject to a nonjudicial foreclosure. For this reason, *Yvanova* is not applicable here.

Jean-Louis also lacks standing to assert claims based on allegations that the defendants violated the consent order entered in *United States of America v. Select*

*Portfolio Servicing, Inc.*, No. 03-12219-DPW (D. Mass. Sept. 4, 2007). Under California law, a third-party beneficiary may enforce a contract if it is expressly made for his benefit. *Sessions Payroll Management, Inc. v. Noble Construction Co.*, 84 Cal. App. 4th 671, 680 (Ct. App. 2000). The consent order in the *Select Portfolio Servicing* case was not made expressly for Jean-Louis's benefit, and he therefore lacks standing to enforce it.

**3.** The district court properly dismissed claim 5, the only remaining claim at issue in this appeal. That claim is predicated on Jean-Louis's allegation that the defendants owe him a fiduciary duty because they held themselves out to be his lenders and mortgage servicers. Under California law, however, the relationship between a lending institution and its borrowers is not fiduciary in nature. *Nymark v. Heart Federal Savings & Loan Association*, 231 Cal. App. 3d 1089, 1093 n.1 (Ct. App. 1991). Because Jean-Louis has not plausibly alleged that the defendants owe him a fiduciary duty, his accounting claim fails as a matter of law.

**AFFIRMED**.

Jean-Louis's motion for judicial notice is **GRANTED**.