NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, | No. 16-55015 |
| Plaintiff - Appellant, | D.C. No. 2:15-cv-05512-FMO-JC |
| v. | MEMORANDUM* |
| NATIONSTAR MORTGAGE, LLC; NATIONSTAR MORTGAGE HOLDINGS, INC.; NATIONSTAR HOLDINGS; NATIONSTAR, LLC; NATIONSTAR CAPITAL CORPORATION; BRIAN THOMAS MOYNIHAN; EDWARD PATRICK O'KEEFE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 5, 2017**
Pasadena, California

_____

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MOTZ***, M. SMITH, and NGUYEN, Circuit Judges.

Stephen Yagman appeals the district court's order dismissing without leave to amend his RICO and state law claims against Nationstar Mortgage, LLC. We review de novo, *Johnson v. Fed. Home Loan Mortg. Corp.,* 793 F.3d 1005, 1007 (9th Cir. 2015) (per curiam), and affirm.

Yagman asserts that Nationstar, his mortgage servicer, had no right to payments on his mortgage loan because the note and deed of trust securing the loan were neither timely nor properly assigned to Nationstar. In dismissing Yagman's amended complaint, the district court reasoned that Yagman lacked standing to challenge the validity of any defective assignment of his loan or deed of trust.

On appeal, Yagman relies on *Yvanova v. New Century Mortgage Corporation*, 365 P.3d 845 (Cal. 2016). There, the Supreme Court of California held that a borrower has standing to bring suit if (1) the borrower "suffered a nonjudicial foreclosure," and (2) the borrower properly alleges that an assignment was void, not merely voidable. *Id.* at 848; *see also id.* at 861. *Yvanova* provides no assistance to Yagman; his property has not been subject to a nonjudicial foreclosure. As we have in the past, we join the majority of courts that have declined to extend *Yvanova. See, e.g., Jean-Louis v. J.P. Morgan Chase Bank, N.A.*, 676 F. App'x 717, 718 (9th Cir.

---

*** The Honorable Diana Gribbon Motz, United States Court of Appeals for the Fourth Circuit, sitting by designation.

2

2017) (mem.); *Williams v. Bank of Am., N.A.*, ___ F. App'x, No. 15-17335, 2017 WL 2983055, at *1 (9th Cir. July 13, 2017) (mem.); *Saterbak v. JPMorgan*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016), *reh'g denied*, (Apr.11, 2016), *review denied* (July 13, 2016). The district court properly dismissed Yagman's action because Yagman lacks standing to challenge any defective assignment of his loan or deed of trust.

Therefore, the district court did not abuse its discretion by denying Yagman leave to amend because amendment would have been futile. *See, e.g., Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144-45 (9th Cir. 2015).

Accordingly, the judgment of the district court dismissing Yagman's complaint is

**AFFIRMED.**