**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BELLA PEREZ; ENRIQUE PEREZ,
*Plaintiffs-Appellants*,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; U.S.
BANK, N.A., as trustee for the
Lehman XS Trust 2006-14N
Mortgage Pass-Through Certificates,
Series 2006-14N,
*Defendants-Appellees.*

No. 18-16584

D.C. No.
2:17-cv-01790-
TLN-EFB

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

BELLA PEREZ; ENRIQUE PEREZ,
*Plaintiffs-Appellants*,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; THE
BANK OF NEW YORK MELLON,
*Defendants-Appellees.*

No. 18-17230

D.C. No.
3:17-cv-04880-
JD

OPINION

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted February 13, 2020[*]
San Francisco, California

Filed May 11, 2020

Before:  Ronald M. Gould and Mary H. Murguia, Circuit
Judges, and Gary Feinerman,[**] District Judge.

Opinion by Judge Gould

## SUMMARY[***]

### California Law / Foreclosure

The panel affirmed the district court's dismissals for
failure to state claims of two actions brought by plaintiff
homeowners against the Mortgage Electronic Registration
Systems, Inc. and banks, challenging the banks' authority to
foreclose on their properties.

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Gary Feinerman, United States District Judge for
the Northern District of Illinois, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

Plaintiffs owned properties in Sacramento and San Pablo, and neither of the properties were ultimately foreclosed. Plaintiffs sought declaratory relief and cancellation of instruments as to the banks and MERS, and quiet title as to only the banks.

The panel held that California law does not permit borrowers to bring judicial actions to challenge a foreclosing party's authority to foreclose on the borrower's property before a foreclosure has taken place. Because the California Supreme Court had not yet addressed the question of whether preemptive, pre-foreclosure actions were viable under California law, the panel looked to the relevant decisions of the California intermediate appellate courts. The panel held that plaintiffs did not state any valid claims under California law, and affirmed the district court's dismissal of plaintiffs' complaints.

The panel held that the district court did not abuse its discretion by denying plaintiffs leave to amend because the proposed amendments would not have changed the determination that the action was impermissible under California law.

---

**COUNSEL**

Mark W. Lapham, Law Offices of Mark W. Lapham, Danville, California, for Plaintiffs-Appellants.

Jan T. Chilton, Severson & Werson, San Francisco, California; Kerry W. Franich, Severson & Werson, Irvine, California; Ian A. Rambarran, Betsy S. Kimball, and

Lindsey N. Casillas, Klinedinst PC, Sacramento, California; for Defendants-Appellees.

---

**OPINION**

GOULD, Circuit Judge:

These cases, in which we apply California law because of our diversity jurisdiction, present the question of whether California law permits borrowers to bring judicial actions to challenge a foreclosing party's authority to foreclose on the borrower's property before a foreclosure has taken place.

Plaintiffs-Appellants Bella and Enrique Perez ("Appellants") filed two such pre-foreclosure actions here. In both actions, Appellants sued Mortgage Electronic Registration Systems, Inc.[1] ("MERS") and the banks holding their two mortgages—U.S. Bank, National Association ("U.S. Bank") in No. 18-16584, and Bank of New York Mellon in No. 18-17230. Appellants brought these actions to challenge the banks' authority to foreclose on their properties. The district courts dismissed the complaints for failure to state plausible claims for relief under California law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I.**

Appellants own two California properties that are at issue in these appeals: a West Sacramento property (*Perez v.*

---

[1] MERS is a subscription-based service that tracks changes in mortgage servicing rights and beneficial ownership interests in loans secured by residential properties.

*MERS & U.S. Bank, N.A.*, No. 18-16584 ["*Perez I*"]) and a San Pablo property (*Perez v. MERS & Bank of New York Mellon*, No. 18-17230 ["*Perez II*"]).

## A.

In *Perez I*, Appellants executed a deed of trust in 2006 to secure a note for $399,000 on their property in West Sacramento.  The deed of trust identified Dollar Mortgage Corporation ("Dollar") as the lender and Defendant-Appellee MERS as the beneficiary for Dollar and Dollar's "successors and assigns."  The mortgage loan was sold four times between 2005 and 2006; Defendant-Appellee U.S. Bank has owned the loan since 2006.

In 2009, a notice of default and a notice of trustee's sale were issued against Appellants for failure to make payments on their loan.  A sale was scheduled, but it did not take place, and the complaint did not allege any subsequent actions taken to foreclose on the property.

After briefing concluded during the motion to dismiss stage, Appellants filed a case notification to inform the district court they had received a new notice of default less than a month after filing their original complaint.  There are no allegations that this notice of default resulted in a foreclosure or that any further action was taken to foreclose on the property.

## B.

In *Perez II*, Appellants executed a deed of trust in 2006 to secure a note for $440,000 on their property in San Pablo. The deed of trust identified American Mortgage Express Corporation ("American Mortgage Express") as the original lender and Defendant-Appellee MERS as the beneficiary for

American Mortgage Express and American Mortgage Express's "successors and assigns." The loan was sold three times; Defendant-Appellee Bank of New York Mellon currently owns the loan.

There are no allegations that any foreclosure proceedings have been initiated against Appellants relating to this property. The record indicates that Appellants are consistently making their mortgage payments and are not in default.

## C.

Appellants filed the underlying actions against MERS and the banks in California state court. Both actions were removed to federal court based on diversity jurisdiction.

In each action, Appellants filed claims seeking declaratory relief and cancellation of instruments as to the banks and MERS, and quiet title as to only the banks. They sought declarations that the banks had no legal rights in the underlying notes or deeds of trust, and that the banks did not have authority to collect mortgage payments or to initiate foreclosure proceedings. Appellants sought unencumbered titles to their properties and permanent injunctions to prevent the banks from collecting mortgage payments or foreclosing on the properties. Appellants base their claims for relief on alleged defects in the assignments of the underlying deeds of trust, such that, Appellants contend, the banks never received any beneficial interest in the loans. The district

courts dismissed the complaints for failure to state plausible claims for relief under California law.[2]

## II.

Appellants seek reversal of the district courts' dismissals of their complaints. We review a district court's dismissal of a complaint de novo. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We apply California law to these removed diversity actions. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).

## A.

Appellants' claims are premised on the theory that they can preemptively challenge the banks' authority to foreclose on their properties by filing judicial actions before any nonjudicial foreclosure has taken place. The controlling question before us is whether such preemptive, pre-foreclosure actions are viable under California law.

When interpreting California law, we are bound by the decisions of the California Supreme Court, the state's highest court. *Vestar*, 249 F.3d at 960. If there are no such decisions, and "where there is no convincing evidence that

---

[2] In *Perez II*, the district court dismissed the original complaint with leave to amend. The district court then dismissed the amended complaint without leave to amend because the amended complaint failed to add "any new or different operative facts."

the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Id.* (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

The California Supreme Court has not directly answered the question of whether preemptive, pre-foreclosure actions are viable under California law.[3] In *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 858–59 (Cal. 2016), the California Supreme Court held that, in an action for wrongful foreclosure, borrowers have standing to challenge prior assignments of the note if they allege the assignment was void, as compared to voidable. The California Supreme Court expressly limited its holding to post-foreclosure actions for wrongful foreclosure, explaining that the holding did not apply to borrowers who "attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed," *id.* at 848, or to borrowers who bring "action[s] for injunctive or declaratory

---

[3] Before deciding *Yvanova*, the California Supreme Court granted review of a pre-foreclosure action in *Keshtgar v. U.S. Bank*, 334 P.3d 686 (Cal. 2014), but deferred a decision until after the court reached a decision in *Yvanova*. After *Yvanova*, the California Supreme Court decided not to reach the underlying question raised in *Keshtgar*—the viability of preemptive, pre-foreclosure actions—and instead vacated and remanded the decision for the Court of Appeal to reconsider in light of *Yvanova*. *See Keshtgar v. U.S. Bank*, 368 P.3d 921 (Cal. 2016). On remand, the Court of Appeal held that *Yvanova* did not displace prior California precedent that preemptive actions to prevent foreclosure are not allowed. *See Keshtgar v. U.S. Bank*, No. B246193, 2016 WL 4183750, at *3 (Cal. Ct. App. Aug. 8, 2016).

relief to prevent a foreclosure sale from going forward," *id.* at 855.**[4]**

Because California's highest court has not yet addressed the question of whether preemptive, pre-foreclosure actions are viable under California law, we look to the relevant decisions of the California intermediate appellate courts. *See Vestar*, 249 F.3d at 960.

In *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 822 (Cal. Ct. App. 2011), a defaulting borrower brought a legal action to challenge whether the defendants were authorized to foreclose on his property. The Court of Appeal held that California's comprehensive statutory scheme for nonjudicial foreclosures did not permit a borrower to bring a judicial action before a foreclosure had taken place to challenge whether a foreclosing party was authorized to foreclose. *Id.* at 824 ("[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action."). The intermediate appellate court reasoned that allowing borrowers to bring such pre-foreclosure actions would impermissibly interject courts into California's "comprehensive nonjudicial scheme" of foreclosure and "fundamentally undermine the nonjudicial nature of the

---

**[4]** Appellants ignore this express limitation in *Yvanova* and dedicate most of their appellate briefing to argue that the assignments of their deeds of trust are void, rather than voidable, premised on the theory that the *Yvanova* holding applies to their pre-foreclosure cases. But we need not reach the question of whether the assignments were allegedly void or voidable because *Yvanova*'s holding does not apply to Appellants' pre-foreclosure actions. *See* 365 P.3d at 848.

process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.*

In *Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 923 (Cal. Ct. App. 2013), a defaulting borrower brought a preemptive judicial action in part to determine whether the defendants had the authority to initiate nonjudicial foreclosure on her property. The Court of Appeal held that the borrower lacked a legal basis to bring her preemptive action under California's statutory scheme for nonjudicial foreclosure.[5] *Id.* at 925. Reviewing prior California appellate decisions, including *Gomes*, this second California intermediate appellate court explained: "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." *Id.* at 924.

In *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 793 (Cal. Ct. App. 2016), a defaulting borrower brought an action claiming that the foreclosing party lacked authority to foreclose on her property because the prior assignment of her deed of trust was void. *Saterbak* was decided shortly after the California Supreme Court decided *Yvanova*. The Court of Appeal examined the *Yvanova* decision to determine whether it changed the viability of preemptive, pre-foreclosure actions in California. *Id.* at 795–96. This intermediate appellate court held that *Yvanova* did not alter prior California precedent barring pre-foreclosure suits because *Yvanova* was

---

[5] In *Yvanova*, although the California Supreme Court disapproved of *Jenkins* on some grounds, the court declined to review or address this aspect of the *Jenkins* opinion. 365 P.3d at 854.

"expressly limited to the post-foreclosure context." *Id.* at 796. Accordingly, the court dismissed the action, holding that preemptive, pre-foreclosure actions were still not viable under California law. *Id.* at 795.

But in *Brown v. Deutsche Bank National Trust Co.*, 201 Cal. Rptr. 3d 892, 896 (Cal. Ct. App. 2016), the Court of Appeal, although not deciding the question of whether pre-foreclosure actions are viable after *Yvanova*, noted that the California Supreme Court could decide to extend its limited holding in *Yvanova* to cover some pre-foreclosure cases. The court explained that the reasoning in *Yvanova* "raises the distinct possibility that [the California] Supreme Court would conclude that borrowers have a sufficient injury [from the initiation of foreclosure proceedings], even if less severe [than the injury from wrongful foreclosure], to confer standing to bring similar allegations *before* the [foreclosure] sale." *Id.*

Although federal courts sitting in diversity cases cannot initiate an alteration of California state law, it is possible that the California Supreme Court could conclude that pre-foreclosure suits are to be considered viable in certain circumstances—as a federal district court decision cited by Appellants predicted it might. *Lundy v. Selene Finance, L.P.*, No. 15-cv-05676, 2016 WL 1059423, at *13 (N.D. Cal. Mar. 17, 2016) (noting that "this Court does conclude that *if* the California Supreme Court decides to adopt *Jenkins*'s bar to pre-foreclosure challenges, it will limit that bar only to claims that lack any 'specific factual basis'"). But the existing California appellate cases demonstrate that, both before and after *Yvanova*, California appellate courts have dismissed preemptive, pre-foreclosure actions. There is no convincing evidence the California Supreme Court would

break with that precedent.**[6]**  Thus, we follow the decisions of the California appellate courts in holding that California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place.

## B.

Here, it is undisputed that no foreclosures have taken place.  In *Perez I*, Appellants claim there was an initiation of foreclosure proceedings, as they received a notice of default in 2017 after filing their federal court complaint.  But there are no allegations that this notice resulted in a foreclosure. In *Perez II*, Appellants do not allege any initiation of foreclosure proceedings, and it appears that Appellants are not even in default.

Because no foreclosures have taken place, Appellants' suits are pre-foreclosure judicial actions that preemptively challenge the banks' authority to foreclose on their properties in the future.  Such actions are not viable under California law.  Appellants do not state any valid claims

---

**[6]** The Ninth Circuit, in unpublished memorandum dispositions, has also regularly held that *Yvanova* did not alter the existing California precedent barring preemptive, pre-foreclosure suits. *See, e.g.*, *Wasjutin v. Bank of Am., N.A.*, 732 F. App'x 513, 516–17 (9th Cir. 2018) ("Nothing about *Yvanova* suggests that, contrary to longstanding precedent on this point, California now allows an action for wrongful foreclosure before a foreclosure takes place."); *Yagman v. Nationstar Mortg., LLC*, 699 F. App'x 634, 635 (9th Cir. 2017) ("*Yvanova* provides no assistance to [a pre-foreclosure borrower]; his property has not been subject to a nonjudicial foreclosure.  As we have in the past, we join the majority of courts that have declined to extend *Yvanova*.").  Because of the number of such similar litigations and appeals, we now write for publication to describe currently applicable California law.

under California law, and we affirm the district courts' dismissals of Appellants' complaints.

## III.

On appeal in *Perez I*, Appellants seek a determination that the district court abused its discretion by dismissing the complaint without leave to amend.[7]  We review for abuse of discretion the district court's decision denying leave to amend.  *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  If a complaint does not state a plausible claim for relief, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In Appellants' opposition to the motion to dismiss, they requested leave to amend if the district court determined the complaint was "deficient."  The district court granted the motion to dismiss without leave to amend.  In Appellants' opening appellate brief in *Perez I*, they contend that, if they had been given the opportunity to amend their complaint, they would have included additional arguments and explanations as to why MERS lacked authority to execute the assignment of the deed of trust, and they would have attached the 2017 notice of default as an exhibit.

The district court did not abuse its discretion by denying Appellants leave to amend.  The proposed amendments

---

[7] On appeal in *Perez II*, Appellants did not challenge the district court's denial of their request for leave to amend in their opening appellate brief.  We therefore deem this challenge waived.  *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1129–30 (9th Cir. 2012).

would not have changed the determination that the action was a preemptive, pre-foreclosure action seeking to challenge the banks' authority to foreclose, and that such an action is impermissible under California law. The notice of default did not indicate that a foreclosure had taken place, and thus the suit remained preemptive. The additional arguments and explanations relating to MERS's assignment of the deed of trust are irrelevant here because they do not change the fact that Appellants filed their suit preemptively.

The district court properly determined that permitting Appellants leave to amend would be futile. Therefore, we hold that the district court in *Perez I* did not abuse its discretion by dismissing Appellants' complaint without granting leave to amend.

**AFFIRMED.**