NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>JESSE K. BRAY, AKA Jay Bray;<br>CHRISTOPHER MARSHALL;<br>NATIONSTAR MORTGAGE HOLDINGS,<br>INC.; NATIONSTAR MORTGAGE LLC;<br>MR. COOPER GROUP, INC.;<br>NATIONSTAR CAPITAL<br>CORPORATION; UNKNOWN NAMED<br>DEFENDANTS, 1-10,<br><br>              Defendants-Appellees. | No. 21-55681<br><br>D.C. No. 2:21-cv-02278-FMO-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Stephen Yagman appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging federal and state law claims in connection with his home loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We affirm.

The district court properly dismissed Yagman's action on the basis of claim preclusion because Yagman raised, or could have raised, his claims in his prior federal actions, which involved the same parties or their privies and resulted in final judgments on the merits. *See id.* (setting forth elements of federal claim preclusion); *see also Yagman v. Nationstar Mortg. LLC*, 783 F. App'x 790 (9th Cir. 2019); *Yagman v. Nationstar Mortg., LLC*, 699 F. App'x 634 (9th Cir. 2017).

The district court did not abuse its discretion by denying Yagman's motion for sanctions in connection with defendants' res judicata arguments. *See Holgate v. Baldwin*, 425 F.3d 671, 675-78 (9th Cir. 2005) (setting forth standard of review and requirements for sanctions under Fed. R. Civ. P. 11); *Barber v. Miller*, 146 F.3d 707, 709, 711 (9th Cir. 1998) (setting forth standard of review and requirements for sanctions under 28 U.S.C. § 1927).

We reject as without merit Yagman's contention that the district court erred by considering the motions to dismiss despite defendants' failure to meet and confer timely under Local Rule 7-3.

We do not consider matters not specifically and distinctly raised and argued

2                                                                    21-55681

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motion for sanctions (Docket Entry No. 22) is denied.

**AFFIRMED.**