Filed 5/09/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CECILIA E. BROWN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, etc., et al.,<br><br>    Defendants and Respondents. | A144339<br><br>(Alameda County<br>Super. Ct. No. RG13688953) |

Appellant Cecilia Brown defaulted on her home mortgage, and foreclosure proceedings commenced. She brought three lawsuits to stop the foreclosure by alleging that it was initiated on behalf of an entity to which the deed of trust was never validly assigned. In this third lawsuit, defendants Deutsche Bank National Trust Company (Deutsche Bank), JPMorgan Chase Bank, N.A. (Chase), and California Reconveyance Company (CRC) demurred to her amended complaint, and the trial court sustained the demurrer without leave to amend. We affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In 2004, Brown obtained a $450,000 loan secured by a deed of trust recorded against her property in Oakland. The deed of trust identifies Washington Mutual Bank, F.A. (Washington Mutual) as the lender and beneficiary and CRC as the trustee.

Washington Mutual failed in 2008, and the Federal Deposit Insurance Corporation (FDIC) was appointed its receiver. As receiver, the FDIC agreed to sell to Chase many of Washington Mutual's assets and liabilities, including loans, loan commitments, and

1

mortgage-servicing rights. This transaction was memorialized in a September 2008 Purchase and Assumption Agreement (P&A Agreement).

In March 2011, CRC recorded a notice of default as trustee for Chase, claiming that Brown was in arrears on her loan in the amount of $60,984.42. The next month, Chase assigned the deed of trust to Deutsche Bank with CRC remaining as the trustee. Two months after that, CRC recorded a notice of sale.

In January 2012, Brown filed the first of three lawsuits challenging the foreclosure proceedings. Over the next year and a half, she voluntarily dismissed the first lawsuit without prejudice, filed a second lawsuit when a new notice of sale was executed, and, after defendants' demurrer was sustained with leave to amend, voluntarily dismissed that lawsuit without prejudice as well.

In July 2013, CRC executed a third notice of sale. Two days later, Brown filed her third lawsuit, which is the case now before us. In her complaint, Brown alleged that the assignment of the deed of trust to Deutsche Bank was invalid and the foreclosure proceedings were initiated without authority. Defendants filed a demurrer and a request for judicial notice. In July 2014, the trial court granted the request for judicial notice, sustained the demurrer, and gave Brown leave to amend her complaint.

This time, instead of dismissing the suit, Brown amended her complaint. In the amended complaint, she asserted six causes of action: cancellation of instruments under Civil Code[1] section 3412; unfair competition under Business and Professions Code section 17200 et sequitur; foreclosure commenced by entity lacking a beneficial interest in violation of sections 2924, subdivision (a)(6) and "2924(f)(3)" [sic]; declaratory relief; and two causes of action for violation of the California Homeowner Bill of Rights (HBOR) (Assem. Bill No. 278; Sen. Bill No. 900 (2011-2012 Reg. Sess.)). No cause of action described as a claim for wrongful foreclosure was asserted, and there was no allegation that the property had been sold: rather, Brown alleged that she "continue[d] to be the

---

[1] All further statutory references are to the Civil Code unless otherwise noted.

owner of the property" under the deed of trust. Defendants once again filed a demurrer and a request for judicial notice.

After considering briefing and argument, the trial court granted the request for judicial notice, which covered foreclosure-related documents, filings from the earlier lawsuits, and the P&A Agreement. The court then sustained the demurrer without leave to amend and dismissed the case. It found that the causes of action for cancellation of instruments, foreclosure by entity lacking a beneficial interest, and declaratory relief failed for three reasons: (1) the causes of action were "barred as a matter of law" because there is no recognized cause of action that allows a borrower to test the legal authority of the entity initiating nonjudicial foreclosure proceedings in a suit brought before the foreclosure sale occurs (a "preemptive action"); (2) Brown lacked standing; and (3) Brown's "contention that [Deutsche Bank and CRC] lack[ed] authority to enforce the Deed of Trust [was] contradicted by matters subject to judicial notice." The court also found that Brown had not alleged a sufficient injury in fact to support her unfair competition claim and that her claims under the HBOR failed because she had not explained why that law applied, given that the foreclosure process was initiated before the law's effective date.[2]

## II.
### DISCUSSION

### A.     *The Standard of Review.*

The rules governing our review of the trial court's ruling are well settled. "We review de novo the trial court's order sustaining a demurrer." (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468.) In doing so, this court's only task is to determine whether the complaint states a cause of action. (*Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 824.) We accept as true all well-pleaded allegations in the operative

---

[2] Brown does not argue that the trial court's bases for dismissing the unfair-competition and HBOR causes of action were improper. As a result, we deem those causes of action abandoned and will not address them further. (See *Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9, fn. 2.)

complaint, and we will reverse the trial court's order of dismissal if the factual allegations state a cause of action on any available legal theory. (*Id.* at pp. 824-825.) We treat defendants' demurrer as admitting all properly pleaded material facts, but not contentions, deductions, or conclusions of fact or law. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) We also consider matters that may be judicially noticed, and a " ' "complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." ' " (*Ibid.*) Where, as here, "the trial court sustains a demurrer without leave to amend, we review the determination that no amendment could cure the defect in the complaint for an abuse of discretion. [Citation.] The trial court abuses its discretion if there is a reasonable possibility that the plaintiff could cure the defect by amendment. [Citation.] The plaintiff has the burden of proving that amendment would cure the legal defect, and may meet this burden on appeal. [Citations.]" (*Cansino*, at p. 1468.)

Our review of the trial court's order is limited to issues that have been adequately raised and supported in the appellate briefs. (*Ram v. OneWest Bank, FSB*, *supra*, 234 Cal.App.4th at p. 9, fn. 2; *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6; see also *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issues not raised on appeal are waived].)

B.      *The California Nonjudicial Foreclosure Process.*

We begin with a general overview of the nonjudicial foreclosure process. A nonjudicial foreclosure sale is a "quick, inexpensive[,] and efficient remedy against a defaulting debtor/trustor." (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.) To preserve this remedy for beneficiaries while protecting the rights of borrowers, "sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." (*Moeller*, at p. 830.) Under a deed of trust, the trustee holds title and has the authority to sell the property in the event of a default on the mortgage. (See *Haynes v. EMC Mortgage Corp.* (2012) 205 Cal.App.4th 329, 333-336.) To initiate a foreclosure, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" must first record a

4

notice of default.  (§ 2924, subd. (a)(1).)  The notice of default must identify the deed of trust "by stating the name or names of the trustor or trustors" and provide a "statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred" and a "statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy [the] obligation . . . that is in default."  (§ 2924, subd. (a)(1)(A)-(C).)  After three months, a notice of sale must then be published, posted, mailed, and recorded in accordance with the time limits prescribed by the statute.  (§§ 2924, subd. (a)(3), 2924f.)

" 'The purposes of this comprehensive scheme are threefold:  (1) to provide the creditor/beneficiary with a quick, inexpensive[,] and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.' "  (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154.)

C.      *The Demurrer Was Properly Sustained Even Assuming Brown Has Standing and Her Suit Is Otherwise Authorized.*

Turning to the merits of Brown's appeal, we conclude that the trial court properly sustained the demurrer without leave to amend because Brown failed to sufficiently allege that CRC lacked authority to initiate foreclosure proceedings.

We begin by mentioning, without deciding, two threshold issues.  First, some courts have held that borrowers cannot bring a preemptive action to challenge an entity's authority to foreclose, reasoning that these actions would " 'fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures.' "  (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 512, citing *Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1152; accord *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814-815.)  Our state Supreme Court recently expressly declined to address the validity of these holdings.  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 934.)

Second, even assuming that borrowers can bring such a preemptive action, a question remains whether they have standing to stop a pending foreclosure by alleging that an assignment of a deed of trust was void. *Yvanova* concluded that a borrower whose home is sold in foreclosure by an entity that received its ostensible authority through a void assignment suffers a sufficient injury for purposes of standing even though the borrower is not a party to the assignment. (*Yvanova v. New Century Mortgage Corp.*, *supra*, 62 Cal.4th at pp. 935-937, 942-943.) Although *Yvanova* limited its holding to the post-sale context, its determination that borrowers have standing *after* a foreclosure sale to allege that the assignment of a deed of trust was void raises the distinct possibility that our state Supreme Court would conclude that borrowers have a sufficient injury, even if less severe, to confer standing to bring similar allegations *before* the sale. (Cf. *Saterbak v. JPMorgan Chase Bank, N.A.*, *supra*, 245 Cal.App.4th at p. 815 [borrower lacked standing to bring preemptive suit where alleged defect in assignment rendered it only voidable, not void].)

The parties have extensively briefed these two threshold issues—whether Brown's preemptive suit is authorized and whether Brown has standing to bring it—but we need not and do not resolve them because there are independent reasons compelling us to affirm the trial court's ruling.[3]

To begin with, one of the trial court's bases for sustaining the demurrer was the court's determination that Brown's "contention that [Deutsche Bank and CRC] lack[ed] authority to enforce the Deed of Trust [was] contradicted by matters subject to judicial notice." Yet nowhere in her briefing does Brown "present any reasoned argument under an appropriate argument heading challenging this determination," and we agree with defendants that she has forfeited any claim that the trial court erroneously sustained the demurrer by failing to address this aspect of the court's ruling. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 657.)

---

[3] As a result, we need not consider Brown's specific arguments that she has standing because the deed of trust expressly confers it, the deed of trust fails to expressly deny it, and California law, reinforced by the HBOR, authorizes it.

More importantly, we perceive no error in the trial court's ruling. Brown's briefing fails to clearly identify the allegations that Brown relies upon to support her claim that CRC lacked authority to initiate foreclosure proceedings. At oral argument, Brown explained that her claim is based on the complaint's allegations that "her promissory note was sold by [Washington Mutual] to [Washington Mutual] Asset Acceptance Corporation" as of December 2004, that the P&A Agreement "did not include" the latter entity, and that Chase therefore never became the beneficiary and could not convey authority to foreclose on CRC. But this allegation is flatly contradicted by the judicially-noticed P&A Agreement. The P&A Agreement expressly includes all of Washington Mutual's assets, "including all [of Washington Mutual's] subsidiaries, joint ventures, partnerships, and any and all other business combinations or arrangements, whether active, inactive, dissolved, or terminated . . . . [Chase] specifically purchases all mortgage servicing rights and obligations of [Washington Mutual]." Brown does not challenge the trial court's determination that the P&A Agreement was a proper subject for judicial notice,[4] and she fails to explain why the quoted language does not cover the entity to which Washington Mutual purportedly sold her loan. We therefore conclude that the P&A Agreement contradicts the allegations that Brown relies upon to support her theory that CRC lacked authority to foreclose.

We lastly consider whether Brown has met her burden of demonstrating a reasonable possibility that the defects in her complaint can be cured by amendment. (*Cansino v. Bank of America*, *supra*, 224 Cal.App.4th at p. 1468.) Aside from a cursory request that we "grant [her] leave to amend to incorporat[e] additional facts as described previously," Brown does not address how she could amend her complaint to assert a valid cause of action. We therefore agree with defendants that she has forfeited any argument

---

[4] Appellate courts, including this District, have upheld trial courts' taking of judicial notice of the contents of foreclosure-related documents, including the P&A Agreement, in affirming orders sustaining demurrers. (E.g., *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 756, 759-760; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-266.)

7

that the trial court abused its discretion in sustaining the demurrer without leave to amend.

## III.
### DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

_____

Humes, P.J.


We concur:


_____

Dondero, J.


_____

Banke, J.

9

Trial Court: Alameda County Superior Court

Trial Judge: Honorable Kimberly Colwell

Counsel for Appellant: Law Offices of Jason Estavillo
Jason W. Estavillo

Counsel for Respondents: Bryan Cave
Glenn Plattner
Joseph J. Poppen