Filed 6/30/16  Diller v. JPMorgan Chase Bank CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DENISE A. DILLER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendant and Respondent. | 2d Civil No. B260857<br>(Super. Ct. No. 1439864)<br>(Santa Barbara County) |

Denise A. Diller appeals from a judgment in favor of JPMorgan Chase Bank, N.A. (Chase).  The judgment was entered after the trial court sustained, without leave to amend, Chase's demurrer to Diller's second amended complaint (SAC).  Diller does not contest the sustaining of the demurrer.  She argues that the trial court abused its discretion in not granting leave to amend the SAC.  We affirm.

FACTS AND PROCEDURAL BACKGROUND

In July 2007, Diller obtained a $1,800,000 loan from Washington Mutual Bank, FA (WaMu) to purchase real property located at 4317 Cuna Drive in Santa Barbara.  The loan was evidenced by a promissory note and secured by a deed of trust on the property.  The deed of trust identifies WaMu as the lender and beneficiary and California Reconveyance Company (CRC) as the trustee.  The deed

of trust provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."

In September 2008, the Federal Deposit Insurance Corporation (FDIC) was appointed as WaMu's receiver. The FDIC and Chase entered into a purchase and assumption agreement whereby Chase purchased WaMu's assets, which included many loans, including Diller's.

Diller defaulted on her loan. In March 2011, CRC recorded a notice of default showing arrearages of $27,867.75. When Diller failed to cure the default, CRC recorded a notice of foreclosure sale. On January 21, 2014, the deed of trust was assigned to Chase by Chase as "attorney in fact" for the FDIC as receiver for WaMu. Chase thereafter substituted ALAW as trustee in place of CRC.

The following week, Diller filed a complaint against Chase and ALAW for violations of the statutes governing nonjudicial foreclosures (Civ. Code, §§ 2924, 2924.17),[1] cancellation of instruments and violation of Business and Professions Code section 17200 et seq. Chase demurred to the complaint and requested judicial notice of several documents, including the purchase and assumption agreement between the FDIC and Chase. The tentative ruling was to sustain the demurrer without leave to amend. Diller responded by filing a first amended complaint, which added a slander of title cause of action.

Chase again demurred. The trial court sustained the demurrer and granted Diller leave to amend because "new counsel appeared at the hearing and argued for the opportunity to file an amended complaint . . . ."

Diller's SAC dropped all of her claims except one and added 12 new causes of action: (1) injunctive relief, (2) declaratory relief, (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress,

---

[1] All further statutory references are to the Civil Code unless otherwise stated.

2

(5) promissory estoppel, (6) breach of the implied covenant of good faith and fair dealing, (7) negligence, (8) intentional misrepresentation, (9) negligent misrepresentation, (10) fraud by suppression, (11) promissory fraud, and (12) quiet title. The 13th cause of action reiterated the claim for violation of Business and Professions Code section 17200 et seq. Chase demurred to each cause of action and again requested that the trial court take judicial notice of the purchase and assumption agreement. While the demurrer was pending, Diller filed a proposed third amended complaint (TAC).

The trial court issued a 14-page order granting the request for judicial notice and sustaining the demurrer to the SAC without leave to amend. The court determined that the judicially noticed documents confirm that Chase had authority to enforce the deed of trust and that Diller lacked standing to challenge any assignment of the loan or deed of trust. It concluded that her claims also failed because her obligations under the loan remain unchanged, and no allegations showed that any transfer of the loan prejudiced her interests under the deed of trust.

Although the trial court struck the improperly filed TAC, the court nonetheless reviewed its allegations to assess whether further leave to amend should be granted. The court identified the new allegations as relating to the loan modification that Diller accepted in 2008, and to oral statements pertaining to the loan modification. The court determined these additional allegations failed to remedy the legal defects in any of Diller's claims because she failed to allege detrimental reliance, and because the allegations still failed to establish the elements required to state a claim of fraud against a corporate entity. The court denied further leave to amend because the "allegations in the TAC do not cure the defects in the SAC that led the court to sustain [the] demurrer." Diller appeals the judgment of dismissal.[2]

---

[2] Even though Diller's last loan payment was in October 2010, no foreclosure sale has occurred, and she remains in possession of the property.

3

Diller's opening brief does not challenge any of the findings upon which the trial court dismissed the 13 causes of action asserted in the SAC. Nor does she raise any cognizable claim of error as to the trial court's grant of judicial notice. Her appeal is limited to the issue of leave to amend. She argues that "the complaint can be amended to state a cause of action," and requests that we direct the trial court to set aside the order sustaining the demurrer without leave to amend and to issue a new order granting leave to amend. We therefore restrict our review to the question of whether leave to amend should have been granted. (See *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685; *Brown v. Deutsche Bank Nat. Trust Co.* (2016) 247 Cal.App.4th 275, 279-280 (*Brown*) ["Our review of the trial court's order is limited to issues that have been adequately raised and supported in the appellate briefs"]; *In re Ricky H.* (1992) 10 Cal.App.4th 552, 562 ["an appellate court will generally decline to consider any questions not raised in the opening brief"].)

### A.  Standard of Review

Where, as here, the trial "court sustained the demurrer without leave to amend, . . . we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

### B.  Denial of Leave to Amend

Diller's opening brief sets forth approximately three pages of "facts" which she contends could be added to the SAC to state a cause of action. Chase responds that Diller has failed to show that the trial court abused its discretion by denying leave to amend to add these additional facts. We invited the parties to submit letter briefs concerning the impact, if any, of our Supreme Court's recent

decision in *Yvanova v. New Century Mortgage Corporation* (2016) 62 Cal.4th 919 (*Yvanova*).) Having reviewed those briefs, we are persuaded that Diller cannot state a claim under the principles announced in that decision and in *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808 (*Saterbak*).

(1)  Lack of Standing to Assert Preforeclosure Claims

Diller's principal argument is that the deed of trust and promissory note for her loan were not properly assigned to Chase and, as a result, Chase lacks authority to pursue foreclosure proceedings against her. Diller alleges the signature of "Cynthia Riley" was robo-signed on the endorsement on the promissory note, and that the corporate assignment of the deed of trust, signed by Linda E. Walker, is similarly invalid or void. Even if we assume the allegations are true, they do not grant her standing to challenge the pending foreclosure.

In *Yvanova*, *supra*, 62 Cal.4th 919, the court considered "whether the borrower on a home loan secured by a deed of trust may base an action for wrongful foreclosure on allegations a purported assignment of the note and deed of trust to the foreclosing party bore defects rendering the assignment void." (*Id.* at p. 923.) In its "narrow" ruling, it held "that a borrower *who has suffered a nonjudicial foreclosure* does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." (*Id.* at p. 924, italics added.) The court did "not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." (*Ibid.*)

*Saterbak*, *supra*, 245 Cal.App.4th 808, underscores this point. Recognizing that *Yvanova* declined to address whether a borrower may maintain a preforeclosure suit challenging the foreclosing entities' authority to foreclose, *Saterbak* confirmed the rule that such preemptive suits are not permitted by the statutes governing nonjudicial foreclosures. (*Id.* at pp. 814-815.) The court concluded that because the plaintiff in that case was challenging the defendant's

ability to foreclose, *Yvanova* did not grant her standing to pursue the claim. (*Id.* at p. 815; accord *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 750 (*Kan*) [affirming order sustaining demurrer without leave to amend because the plaintiff sought to bring a "preforeclosure, preemptive action" which is "not authorized by the nonjudicial foreclosure statutes"].)

As in *Saterbak* and *Kan*, Diller has brought a preforeclosure, preemptive action in a case in which the deed of trust allows the note and security instrument to "be sold one or more times without prior notice to [the] Borrower." Based on these authorities, we conclude Diller lacks standing to challenge the assignment of the promissory note or deed of trust. (*Saterbak*, *supra*, 245 Cal.App.4th at pp. 814-815; *Kan*, *supra*, 230 Cal.App.4th at p. 750.) Accordingly, Diller has not demonstrated that adding new facts regarding the assignment of these documents would cure the defects in her SAC.

In addition, Diller does not allege facts showing that she has been prejudiced. It is undisputed she is in default on her loan. Her property has not been sold, and Diller does not cite any allegation that the preforeclosure effort of ALAW as trustee, as opposed to Chase or any other lender, has caused her harm. (See *Yvanova*, *supra*, 62 Cal.4th at p. 937 [discussing prejudice with respect to standing, as opposed to prejudice as an element of a wrongful foreclosure tort]; *Saterbak*, *supra*, 245 Cal.App.4th at p. 819 [allegedly defective assignment did not alter borrower's payment obligations under the promissory note].)

Finally, one of the trial court's reasons for sustaining the demurrer without leave to amend was its determination that Diller's argument that Chase and ALAW lacked authority to enforce the deed of trust was contradicted by matters subject to judicial notice, particularly the purchase and assumption agreement. The court determined that Chase purchased "all of" WaMu's assets, including all loans, and, as a result, "'WaMu's assets were transferred by the FDIC to [Chase] as of September 25, 2008. Therefore, [Chase] had WaMu's beneficial interest in the deed of trust on [Diller's] property, and the power to foreclose with respect to

6

[Diller's] loan on the date that [Chase] initiated the foreclosure proceedings against [Diller] for default.'" (Citing *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 759, 764.) "[N]owhere in her briefing does [Diller] 'present any reasoned argument under an appropriate argument heading challenging this determination . . . .'" (*Brown*, *supra*, 247 Cal.App.4th at p. 282, citing *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 657.) We therefore agree with Chase "that she has forfeited any claim that the trial court erroneously sustained the demurrer by failing to address this aspect of the court's ruling." (*Ibid.*)

(2) Proposed Section 1091 and 1095 Amendments

Diller contends the foreclosure proceedings are void because the deed of trust was not properly assigned to Chase under sections 1091 and 1095. First, as discussed above, Diller lacks standing to challenge the validity of that assignment. (See *Saterbak*, *supra*, 245 Cal.App.4th at pp. 814-815.) Second, these statutes do not apply to the assignment of a deed of trust.

Section 1091 provides: "An estate in real property, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing." Section 1095 states that when "an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

Neither section is relevant here because they apply only to a transfer of an "estate" in real property, not to the assignment of a security interest in real property. (See 4 Miller & Starr, Cal. Real Estate (4th ed. 2015) § 12:1, p. 12-3.) A security device, such as a deed of trust, is an interest in land that does not convey any estate in real property. It provides merely a lien on the land encumbered. (*Ibid.*, citing § 2920; see also *Fontenot v. Wells Fargo Bank* (2011) 198 Cal.App.4th 256, 272 (*Fontenot*), disapproved on another point in *Yvanova*, *supra*, 62 Cal.4th at pp. 939-941.)

7

Moreover, when a promissory note is transferred, the transferee acquires a beneficial interest in the deed of trust by operation of law. (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272; *Brown v. Patella* (1938) 24 Cal.App.2d 362, 364.) Accordingly, no written assignment of the deed of trust to Chase was required under section 1091.

Diller's assertion that the substitution of trustee failed to comply with section 1095 also lacks merit. A substitution of trustee does not purport to transfer any estate or title interest in the property; it merely changes the entity serving as trustee under the deed of trust. Diller has failed to show that she can state a claim for relief under either section 1091 or section 1095.

### (3) Allegations Regarding ALAW

Diller claims that ALAW, the successor trustee, is "not qualified to do business in California," and thus "cannot sue or defend a law suit [sic]." These conclusory allegations appear immaterial because the trial court's order made no findings related to any claim asserted against ALAW. Diller fails to provide any explanation or argument establishing that the allegations have any legal significance to her 13 causes of action against Chase. She does not identify the cause of action to which this assertion is purportedly relevant or explain how it could remedy the legal defects identified by the trial court. (See *Brown, supra,* 247 Cal.App.4th at p. 282.)

### (4) Miscellaneous Arguments

Chase contends that pages 16 to 24 of Diller's opening brief contain "a random smattering of disjointed, incomplete, and incomprehensible assertions," and requests that we disregard that portion of the brief in its entirety because it fails to comply with basic requirements of appellate procedure. We agree the brief is not a model of clarity. Nevertheless, we have reviewed the assertions and cited authorities and conclude Diller has not met her burden of proving that an amendment would cure the pleading defects. (See *Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081; *Brown*, *supra*, 247 Cal.App.4th at p. 282.)

8

DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


9

Donna D. Geck, Judge

Superior Court County of Santa Barbara
_____

Holman & Martin and Andrew Russell Martin for Plaintiff and Appellant.

Bryan Cave LLP, Glenn Plattner and Joseph J. Poppen for Defendant and Respondent JPMorgan Chase Bank, N.A.