Filed 7/13/21  Stewart v. USAA General Indemnity CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. STEWART,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>        Defendant and Respondent. | D076992<br><br><br><br>(Super. Ct. No. 37-2019-00011137-CU-IC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Reversed and remanded with directions.

Joseph D. Stewart, in pro. per., for Plaintiff and Appellant.

Daniels, Fine, Israel, Schonbuch & Lebovits and Maureen M. Michail, Karina A. Villa, for Defendant and Respondent.

Plaintiff and Appellant Joseph D. Stewart appeals from a judgment entered after the trial court sustained without leave to amend the demurrer of USAA General Indemnity Company (USAA) on Stewart's complaint for breach of contract and other causes of action based on USAA's asserted refusal to defend under Stewart's renter's insurance policy (the Policy). Stewart alleged in part that USAA had a duty to defend and indemnify him

from claims asserted against him in an unlawful detainer action, which was premised on an accidental fire for which USAA had accepted responsibility. He asks this court to determine as a matter of law that the Policy language is reasonably susceptible to Stewart's interpretation and thus is ambiguous, warranting the overruling of USAA's demurrer.  We conclude the trial court improperly sustained the demurrer on the breach of contract cause of action, as Stewart's complaint states a cause of action on at least one other theory, namely that USAA breached its agreement under the Policy to pay loss of use benefits arising from the fire.  Stewart further alleges USAA misstated the nature and extent of insurance coverage, and used improper standards or interpretations to deny available coverage, and in view of our conclusion on his breach of contract cause of action we conclude his pleading likewise states a cause of action for breach of the covenant of good faith and fair dealing. Finally Stewart has shown he should have been granted leave to amend his negligence cause of action brought against USAA in its capacity as an insurance agent.  We reverse and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

We state the facts from the properly pleaded allegations from Stewart's complaint, disregarding contentions, deductions or conclusions of fact or law. (See *Century-National Inc. Co. v. Garcia* (2011) 51 Cal.4th 564, 566, fn. 1; *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 209; *Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.)  We also consider matters that may be judicially noticed.  (*Mathews*, at p. 768.)

Stewart is the named insured on a "Renter's Protection Policy" that he purchased from USAA in June 2014, and subsequently renewed through June 2017.  The insured premises is an apartment on Sunset Cliffs Boulevard in San Diego.  The Policy contains a "Personal Liability" provision, describing

2

such liability as "the protection you have against liability arising out of your residence and your personal activities." (Some capitalization omitted.) That provision has a "Liability" section that provides: "If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury or property damage** caused by an occurrence to which this coverage applies, we will: 1. pay up to our limit of liability for the damages for which the insured is legally liable; and [¶] 2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. . . . This coverage does not provide defense to any insured for criminal prosecution or proceedings. [¶] **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: [¶] a. bodily injury; or [¶] b. property damage. [¶] We will not pay for punitive damages or exemplary damages, fines, or penalties."

The Policy defines "property damage" as "physical injury to, destruction of, or loss of use of tangible property."

The Policy also covers "Loss of Use," with "no limit," and provides: "If a covered loss to covered property or to the building containing the property makes the place where you reside not fit to live in, we cover, at your choice, either of the following: [¶] a. Additional Living Expense—meaning any necessary increase in living expenses incurred by you to maintain your normal standard of living; or [¶] b. Fair Rental Value—meaning the fair rental value of that part of the place where you reside less any expenses that do not continue while the premises is not fit to live in. [¶] . . . [¶] The amount we pay under a. or b. will be for the shorter of: [¶] the period of time

3

reasonably required to repair or replace the damage, [¶] or [¶] the period of time needed to permanently settle your household in new quarters."

In December 2016, a grease fire ignited in the insured premises' kitchen. Stewart notified USAA the same day and initiated a claim under the Policy. USAA determined the cause of the fire was accidental and accepted financial responsibility under the Policy.

In February 2017, the owner of the insured premises filed an unlawful detainer complaint in San Diego Superior Court alleging that Stewart caused the fire and damage to the insured premises, and thereby committed a non-curable breach of his rental agreement. That action sought damages for each day that Stewart remained in possession through the entry of judgment. The next day, Stewart tendered defense of the action to USAA. The claims adjuster denied the tender, stating the Policy did not offer legal defense for an unlawful detainer action.

Stewart renewed his tender on February 13, 2017, telling USAA the Policy provided a defense for any lawsuit arising out of a covered incident. At this time, the insured premises was still under repair, Stewart was displaced, and the funds paid by USAA on the claim for loss of use had been exhausted. On February 14, 2017, Stewart sought an additional loss of use payment but USAA denied the request. Stewart asked USAA to provide a legal defense in the unlawful detainer action on three additional occasions in March 2017. In April 2017, USAA formally denied tender by letter.

Judgment was thereafter entered against Stewart in the unlawful detainer action and the owner retook possession. The unlawful detainer judgment includes a money judgment of $6,469.33. In August 2018, Stewart offered USAA one last opportunity to reimburse him the costs of his defense but it again denied coverage.

4

Stewart filed a complaint against USAA for breach of contract, breach of the covenant of good faith and fair dealing, and negligence. In part, Stewart alleged USAA breached the contract by misrepresenting relevant facts or policy provisions relating to coverage. He made other allegations relating to his claim that USAA owed him a duty to defend the unlawful detainer action.[1] Stewart also alleged USAA breached the covenant of good faith and fair dealing by misstating the nature and extent of coverage available under the Policy, failing to affirm or deny coverage within a reasonable time after he notified it of his claims, failing to inform him of his legal rights after denying his tender of defense, and using improper and inapplicable standards and unduly restrictive interpretations of the Policy

---

[1] Specifically, Stewart alleged USAA failed to conduct a prompt and full investigation of the facts and circumstances giving rise to his claim in the unlawful detainer action, failed to defend or indemnify him, failed to conduct any investigation after it rejected his tender, failed to promptly give a reasonable explanation for denying coverage and rejecting his tender, failed and refused to advise him in a timely manner regarding the status of his claim, and did not promptly respond to communications. He alleged in part that had USAA conducted a reasonable investigation, it would have discovered that the unlawful detainer action "was for damages because of property damage to the Insured Premises caused by an 'occurrence[,']' meaning an accident that resulted in property damage during the policy period"; the "property damage was not caused by his intentional acts; and the alleged liability did not arise under any contract or agreement other than a written contract that directly related to the ownership, maintenance or use of an insured location." He alleged: "The facts alleged in the [unlawful detainer] complaint and the information which was available to [USAA] at or about the time of the tender revealed: [¶] A. A potential for liability existed under the 'Personal Liability' and 'Liability' coverage in that the Plaintiff had allegedly caused property damage to the Insured Premises; [¶] B. The property damage to the Insured Premises was caused by an accident during the policy period that resulted in the property damage; [¶] C. The property damage to the Insured Premises was the alleged factual and legal basis of the [unlawful detainer action]; and [¶] D. The [unlawful detainer action] sought damages."

language to deny or reduce available coverage. For his negligence cause of action, Stewart alleged USAA breached its duty to recommend he purchase an insurance policy from a company that engaged in fair business practices, and breached various other duties it owed as insurance agents to exercise reasonable care to ensure USAA's business practices did not deprive insureds of their rights or increase USAA's profits.

Stewart attached as an exhibit to his complaint his renter's policy packet including a declarations page and general provisions. He also attached the Judicial Council form unlawful detainer complaint. The unlawful detainer complaint alleges in part that Stewart had committed a non-curable breach of his lease agreement. It alleges the landlord relied on the fact Stewart's lease requires him to maintain the premises and further states: "32. Damage to Premises: . . . If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in rent shall be made." The unlawful detainer complaint alleges: "On or about December 21, 2016, a grease fire was started from improper use of the stove in your kitchen, and water was poured on the fire, causing significant structural damage to the subject premises. According to the assessment drawn by both the insurance agencies investigating the claim, you, the tenants, were the cause of the fire and damages to the premises. Per Paragraph 32 of your Lease Agreement, Landlord chooses to terminate the Lease Agreement without any obligation to provide tenant an abatement in owed rent and/or damages." The unlawful detainer complaint sought forfeiture of the lease agreement as well as "damages at the rate [of $83.33 per day] from . . . 02/01/2017 for each day that defendants remain in possession through entry of judgment."

6

USAA demurred to Stewart's complaint on grounds the undisputed facts and Policy language showed it had no duty to defend or indemnify Stewart. Specifically, it argued the underlying action did not assert an "occurrence" under the Policy or seek damages for bodily injury or property damage within the Policy's meaning. This deficiency assertedly rendered Stewart's bad faith claim invalid because such a claim was absent any breach of contract. USAA argued Stewart's negligence claim was likewise subject to demurrer for the absence of a duty of care between its adjuster to the insured. It argued Stewart in any event relied on conclusory and vague language, and failed to allege any ultimate facts of duty, breach or causation needed to support a negligence claim.

In opposition, Stewart argued that USAA was asking the court to accept USAA's interpretation of the Policy language, which was not permissible on a demurrer unless it could show its interpretation was the only reasonable one. Stewart pointed out that a duty to defend may exist even where coverage is in doubt and ultimately does not develop, and that doubts as to whether facts establish a duty to defend must be resolved in the insured's favor. He argued his complaint alleged the facts in the unlawful detainer complaint revealed a potential for liability or coverage in that he had allegedly caused property damage to the premises. He argued the complaint alleged the unlawful detainer action arose from an "occurrence" under the Policy; but for the fire, that action would not have moved forward.

Stewart further argued USAA misstated the Policy when it argued it provided coverage only for bodily injury or property damage. He argued that under the plain Policy language, USAA was to provide a legal defense " '[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence covered by the

7

policy . . . .' "[2] Based on these points Stewart argued his complaint stated a cause of action for breach of the covenant of good faith and fair dealing. He argued he properly pleaded negligence against USAA in its capacity as a licensed insurance agent, which unlike insurers could be held accountable for negligence. Stewart asked the court to grant him leave to amend if it found any basis to sustain USAA's demurrer.

The court sustained the demurrer without leave to amend. It ruled: "Based on the allegations in the complaint, there is no potential for coverage under the policy and thus no duty to defend. As alleged, the underlying suit is an unlawful detainer action. Landlord sought possession of the premises and monetary damages as a result of plaintiff[']s breach of the lease. The relief in the unlawful detainer is not the sort of relief that is afforded with an occurrence[-]based policy such as the one that plaintiff has with USAA. Further, plaintiff[']s policy only provides coverage for bodily injury or property damage; neither of which is sought against plaintiff in the unlawful detainer suit." The court ruled USAA's motion to strike was moot in light of its ruling. (Some capitalization omitted.)

---

[2] On this point, Stewart argued the unlawful detainer suit met the coverage requirements because "(1) a suit was brought against defendant; (2) the suit was for damages; and (3) the suit was because of property damage caused by an occurrence to which the coverage applies." He argued that it would create an ambiguity to combine the second and third statements, since the word "because" could be applied either as a condition of the claim or lawsuit, or a condition of the damages. Finally Stewart pointed out that the Policy provided "this coverage does not provide defense to any insured for criminal prosecution or proceedings." He argued USAA took care to exclude particular types of proceeding and did not specify unlawful detainers, a proceeding to which renters are susceptible. Stewart argued that in testing the sufficiency of his complaint, his interpretation of the contract must be accepted because it was reasonable, sound and intelligible.

In September 2019, the court dismissed Stewart's complaint with prejudice. Stewart appeals from that order as a judgment of dismissal.

## DISCUSSION

### I. *Standard of Review*

We review de novo the trial court's order sustaining a demurrer. (*Gomez v. Regents v. University of California* (2021) 63 Cal.App.5th 386, 391.) Our sole task is to determine whether the complaint states a cause of action under any legal theory. (*Ibid.*; *Mathews v. Becerra, supra*, 8 Cal.5th at p. 762.) "We assume the truth of all facts properly pleaded, and we accept as true all facts that may be implied or reasonably inferred from facts expressly alleged, unless they are contradicted by judicially noticed facts. [Citations.] Inconsistent general statements are modified and limited by specific factual allegations. [Citation.] We give the complaint a reasonable interpretation and we read it in context. [Citation.] But we do not assume the truth of contentions, deductions or conclusions of fact or law. [Citation.] We will affirm an order sustaining a demurrer on any proper grounds, regardless of the basis for the trial court's decision." (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468; see also *Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279.)

"Where, as here, 'the trial court sustains a demurrer without leave to amend, we review the determination that no amendment could cure the defect in the complaint for an abuse of discretion. [Citation.] The trial court abuses its discretion if there is a reasonable possibility that the plaintiff could cure the defect by amendment. [Citation.] The plaintiff has the burden of proving that amendment would cure the legal defect, and may meet this burden on appeal.' " (*Brown v. Deutsche Bank National Trust Co., supra*, 247

9

Cal.App.4th at p. 279, quoting *Cansino v. Bank of America*, *supra*, 224 Cal.App.4th at p. 1468.)

## II. *Denial of Leave to Amend Original Complaint*

Stewart first contends the trial court abused its discretion when it denied him leave to amend his original complaint without any finding that the pleading was incapable of amendment. He maintains the court disregarded settled principles that a plaintiff should be offered at least one opportunity to amend, and misconstrued his pleading by ignoring other pleaded theories or causes of action.

Generally it is a plaintiff's burden to " 'show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*HFH, Ltd. v. Superior Court* (1975) 15 Cal.3d 508, 513, fn. 3.) But because the court did not give Stewart any opportunity to amend his complaint, resolution of his contentions turns not on whether Stewart proffers specific facts that state a viable cause of action, but on whether the complaint "does not on its face foreclose any reasonable possibility of amendment." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747; *Eghtesad v. State Farm General Insurance Company* (2020) 51 Cal.App.5th 406, 411, 413-414 [" '[I]n the case of an *original* complaint, plaintiff need not even request leave to amend' " because it is improper to deny leave unless the complaint shows it is incapable of amendment].) "[L]eave to amend is properly granted where resolution of . . . legal issues does not foreclose the possibility that the plaintiff may supply necessary factual allegations. [Citation.] If the plaintiff has not had an opportunity to amend the complaint in response to the demurrer, leave to amend is liberally allowed as a matter of fairness, unless the complaint shows on its face that it is incapable of amendment." (*City of Stockton*, at p. 747; *JPMorgan Chase Bank, N.A. v.*

10

*Ward* (2019) 33 Cal.App.5th 678, 684; *Apple Inc. v. Superior Court* (2017) 18 Cal.App.5th 222, 258-259.) "Denial of leave to amend is appropriate only when it conclusively appears that there is no possibility of alleging facts under which recovery can be obtained." (*Eghtesad*, at p. 412.)

Here, the only way we could conclude the complaint is incapable of amendment is if applicable law or the Policy language precludes any of Stewart's various breach of contract or negligence theories. We assess each cause of action to determine whether that is the case.

A. *Cause of Action for Negligence*

"To establish a cause of action for negligence, the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.' [Citation.] Recovery for negligence depends as a threshold matter on the existence of a legal duty of care." (*Brown v. USA Taekwondo*, *supra*, 11 Cal.5th at p. 213.) The existence of a tort duty of care presents a question of law and policy. (See *Goonewardene v. ADP, LLC* (2019) 6 Cal.5th 817, 837.)

Stewart's cause of action for negligence alleges that USAA had a duty to recommend to him that he purchase an insurance policy from a company that engaged in fair business practices and did not have an ordinary business practice designed to keep from paying policy benefits legitimately owed to policyholders. He further alleged USAA "as insurance agents" had a duty of care to him to ensure USAA had certain business practices that would not

11

deprive him of his rights and increase USAA's profits.[3] Citing *Sanchez v. Lindsey Morden Claim Services, Inc.* (1999) 72 Cal.App.4th 249, USAA argues that cause of action is not viable as a matter of law because negligence is not generally available against insurers and insurer-retained adjusters do not owe a duty of care to an insured.

This is not a question of whether a duty of care can be imposed on an *outside insurance adjuster* as was the case in *Sanchez*,[4] but whether there can be no duty of care on USAA as an insurance agent as a matter of law, such that Stewart's complaint is incapable of amendment. It is in fact well-settled that insurance agents or brokers owe a limited duty to their clients, which is only " 'to use reasonable care, diligence, and judgment in *procuring* the insurance requested by an insured.' " (*Pacific Rim Mechanical Contractors, Inc. v. Aon Risk Ins. Services West, Inc.* (2012) 203 Cal.App.4th 1278, 1283, citing *Jones v. Grewe* (1987) 189 Cal.App.3d 950, 954; see also *Murray v. UPS Capital Insurance Agency, Inc.* (2020) 54 Cal.App.5th 628,

---

[3] Stewart alleged USAA as the insurance agents had a duty to exercise reasonable care to ensure USAA did not have an ordinary business practice designed to: keep from paying policy benefits legitimately owed to policy holders; inadequately train claims adjusters; attract and evoke the trust and confidence of military members, veterans and family; or refuse to carry out their obligations to investigate, defend, indemnify and promptly communicate their coverage position.

[4] In part, the court in *Sanchez* reasoned: "[A]djusters hired by insurers have no contract with insureds, and thus no ability to define or circumscribe their potential risks or liabilities to insureds. If adjusters faced negligence liability to insureds, market forces would tend to drive adjusting activities in-house, where they could be shielded with contractual exclusions, disclaimers, and limitations. Thus, imposing a duty would reduce, perhaps severely, the offering of independent adjuster services." (*Sanchez v. Lindsey Morden Claims Services, Inc., supra,* 72 Cal.App.4th at p. 254.)

639; *Travelers Property Casualty Co. of America v. Superior Court* (2013) 215 Cal.App.4th 561, 578; *Kotlar v. Hartford Fire Ins. Co.* (2000) 83 Cal.App.4th 1116, 1123; *Kurtz, Richards, Wilson & Co. v. Insurance Communicators Marketing Corp.* (1993) 12 Cal.App.4th 1249, 1257.) "These duties do not disappear because the agent is also an agent for an insurer. Dual agencies are not uncommon, and do not negate the agent's duty to the client." (*Kurtz*, at p. 1257.) " ' "The rule changes, however, when—but only when—one of the following three things happens: (a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided . . . , (b) there is a request or inquiry by the insured for a particular type or extent of coverage . . . , or (c) the agent assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured . . . ." [Citation.] The agent who assumes additional duties, by holding herself out as having expertise in the insurance being sought by the insured, "may be liable to the insured for losses which resulted as a breach of that special duty." ' " (*Travelers Property Casualty Co.*, at pp. 578-579; *Pacific Rim*, at p. 1283, quoting *Fitzpatrick v. Hayes* (1997) 57 Cal.App.4th 916, 927.)[5]

Because insurance agents may have a duty of care under these circumstances, such liability is not precluded as a matter of law. As a consequence, we cannot say Stewart's negligence cause of action is completely incapable of amendment. Though Stewart alleged that USAA *itself* had a duty in connection with recommending a policy of insurance, Stewart should

---

[5] An agent may also commit an independent tort such as misrepresentation or deceit in the course of handling a third party claim, and in such a case they can be held personally liable even though they are not a party to the insurance contract. (*Bock v. Hansen* (2014) 225 Cal.App.4th 215, 228.)

be afforded an opportunity to amend that allegation and others. In sum, the court erred by sustaining USAA's demurrer to this cause of action without leave to amend.

B. *Breach of Contract Cause of Action*

   1. *Pleaded Breach of Contract Theories Apart From Duty to Defend*

Stewart contends the trial court erred by denying leave to amend his breach of contract cause of action because it ignored the fact that his allegation of USAA's failure to provide a defense was only one of several theories by which it breached the insurance contact. He points out that in addition to alleging USAA breached the contract by failing to provide a defense, he alleged USAA breached the contract by denying tender in a one-line reply lacking an explanation; denying his request for an additional loss of use payment based on a misrepresentation of the Policy; failing to respond to his dispute over its denial of a defense; failing to promptly respond or provide a reasonable explanation for denying coverage; and misrepresenting facts or policy provisions relating to coverage. Stewart maintains that even if the court was correct in ruling there was no duty to defend, it erred by sustaining USAA's demurrer because his allegations otherwise stated a breach of contract cause of action apart from USAA's failure to provide a defense.

As stated, if Stewart's complaint, liberally construed, can state a cause of action under any theory or if there is a reasonable possibility amendment could cure a defect, the trial court abused its discretion by sustaining the demurrer without leave to amend. (See *JPMorgan Chase Bank, N.A. v. Ward, supra*, 33 Cal.App.5th at p. 684.) We agree with Stewart that he can allege USAA breached the insurance contract on a different theory than USAA's duty to defend, namely that USAA committed a breach by failing to cover his claim for loss of use when in February 2017 he requested additional

14

funds for that purpose. Stewart alleged that at the time he asked for an additional loss of use payment, the premises was still under repair and he was still displaced, but USAA denied his request. Stewart's USAA renter's policy covered loss of use in two alternate ways when "a covered loss to covered property or to the building containing the property makes the place where you reside not fit to live in . . . ." Stewart alleges USAA treated the fire causing his displacement as an occurrence. Not only is there a reasonable possibility that Stewart can amend his pleading to state a claim, but it appears to us that the complaint's allegations reasonably and liberally construed state a good breach of contract cause of action. As Stewart states a basis for breach of the insurance contract, the court was obligated to overrule USAA's demurrer to that cause of action.[6]

---

[6] Though we need not reach whether Stewart adequately alleged USAA breached its duty to defend under the policy, we in any event would conclude that the complaint plausibly alleges the unlawful detainer action against Stewart was a "suit . . . for damages because of . . . property damage caused by an occurrence to which this coverage applies . . . ." There is no doubt the unlawful detainer action would not have occurred if not for the accidental fire: the fire triggered the breach of lease and the ensuing unlawful detainer action. The phrase "because of" in the policy denotes a causal connection. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 757.) The policy in this case does not define the phrase "because of," and it introduces an ambiguity as to whether the unlawful detainer action or even the damages in that action were because of property damage caused by an occurrence (the accidental fire, treated as an occurrence by USAA). An insurer owes a duty to defend where there is potential for coverage, even if the claims are groundless or there ultimately may be no duty to indemnify. (*Scottsdale Insurance. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 654; *Horace Mann Insurance. Co. v. Barbara B.* (1993) 4 Cal.4th 1076, 1081.) And doubts or ambiguity must be resolved in the insured's favor. (*Horace Mann*, at p. 1081.) Under the unique circumstances of this case (an underlying occurrence that caused the landlord to file the unlawful detainer action, a suit for damages) there is a plausible construction of the policy that triggered USAA's duty to defend such that the demurrer was improperly sustained.

C.  *Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing*

" 'In addition to the right to sue an insurer in contract, if the insurer acts unreasonably and without proper cause in failing to investigate a claim, refusing to provide a defense, or either delaying or failing to pay benefits due under the policy, the insured can sue in tort for breach of the covenant of good faith and fair dealing.'  [Citation.]  'Since a tort action for breach of the covenant of good faith and fair dealing "is one seeking recovery of a *property* right, not personal injury," to prevail the insured must show proof of economic loss.' "  (*Richards v. Sequoia Ins. Co.* (2011) 195 Cal.App.4th 431, 438.)

Here, Stewart alleges he suffered special damages, as well as damages for eviction, loss of personal property, and costs incurred for relocation. Having stated a claim for breach of contract due to USAA's refusal to cover his claim of loss of use, we conclude the complaint adequately states a cause of action for breach of the covenant of good faith and fair dealing.

16

## DISPOSITION

The judgment of dismissal is reversed and the matter remanded with directions that the trial court overrule USAA's demurrer to Stewart's causes of action for breach of contract and breach of the covenant of good faith and fair dealing and grant Stewart leave to amend his negligence cause of action. Stewart is entitled to his costs on appeal.

O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


GUERRERO, J.

17