Filed 10/28/25  P. v. International Fidelity Insurance Company CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>    Defendant and Appellant. | D084948<br><br><br>(Super. Ct. Nos. SCS309864, 24CU006670C) |

APPEAL from a judgment of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Affirmed.

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

Claudia G. Silva, County Counsel, and Thomas Deák, Deputy County Counsel, for Plaintiff and Respondent.

International Fidelity Insurance Company posted a bail bond guaranteeing a criminal defendant's court appearances.  The defendant was not present at a December 2020 readiness conference, but the trial court continued the matter without indicating on the record what excuse justified

the nonappearance.  At a subsequent hearing at which the defendant failed to appear, the court declared the bail bond forfeited.

On appeal, Fidelity contests (1) the trial court's denial of Fidelity's motion to vacate the forfeiture of the bond and exonerate it and (2) the subsequent summary judgment on the bond.  Because Fidelity's opening brief fails to mention, much less address, the Emergency Rule on which the trial court relied for its ruling, we conclude Fidelity forfeited its challenge to the trial court's denial of its motion and the summary judgement.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we therefore affirm.

I.

In August 2019, Fidelity posted a $100,000 bail bond guaranteeing a criminal defendant's court appearances.  The defendant appeared at several readiness conferences and his preliminary examination.  Although the defendant was marked "not present" in the minutes for a September 2020 trial call hearing, the reporter's transcript indicates that counsel "appear[ed] [under Penal Code section] 977 on [his] behalf."

The trial court held an unreported trial readiness conference on December 11, 2020.  The minutes note the defendant was "not present."  The minutes do not indicate why the defendant was not present or if there was any excuse for his nonappearance.  The trial court did not declare the bail bond forfeited at the readiness conference.

The criminal defendant later pled guilty.  The trial court held a probation and sentencing hearing on February 15, 2023.  A checkbox in the minutes indicates the defendant "failed to appear," and the trial court declared the bail bond forfeited.

Fidelity moved to vacate the forfeiture and exonerate the bail bond. It asserted the trial court lost jurisdiction over the bail bond because it failed to forfeit the bond or state an excuse for the defendant's nonappearance at the December 2020 readiness conference. The People opposed.

The trial court denied Fidelity's motion. It reasoned "it's clear from the record . . . Rule 5" of the Emergency Rules Related to COVID-19 of the California Rules of Court "was in effect at the time."[1] "And that permitted [the criminal defendant's] nonappearance," which allowed the trial court to continue his case without stating any excuse. The trial court then entered summary judgment against Fidelity on the defaulted bail bond.

Fidelity challenges, on the same ground raised in the trial court, the court's denial of its motion to vacate the bail bond forfeiture and exonerate the bond and the subsequent summary judgment entered against it. The People argue Fidelity forfeited the issue of whether the trial court lost jurisdiction over the bail bond because Fidelity failed to address Emergency Rule 5's "impact . . . at all" in its opening brief. We agree.

---

[1] The People request judicial notice of Emergency Rule 5. Because the substance of Emergency Rule 5 is not relevant to our disposition, however, the People's May 20, 2025 request for judicial notice is denied as moot. (See *Aquila, Inc. v. Superior Court* (2007) 148 Cal.App.4th 556, 569.)

3

Because a trial court's judgment is presumed correct, "it is appellant's burden to establish error." (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 557.) Any issue an appellant does not raise in the opening brief is deemed forfeited. (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7.) And an appellant forfeits a challenge to a trial court's ruling by failing to address the basis for the trial court's ruling in its briefing. (See *Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 281–282.)

Here, the trial court expressly relied on Emergency Rule 5 to deny Fidelity's motion to vacate the forfeiture and exonerate the bail bond. Yet, in its opening brief, Fidelity neither mentions Emergency Rule 5 nor argues why the trial court erred by relying on it. Fidelity's reply brief acknowledges, in response to the People's brief, that "the emergency rules were active." But this subsequent allusion does not cure Fidelity's failure to mention Emergency Rule 5 in its opening brief. Nor does it address the trial court's reliance on this rule. As such, Fidelity forfeited its challenge to the trial court's denial of its motion to vacate the forfeiture and exonerate the bail bond.

This case resembles *State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674. There, the appellants did not address in their opening briefs the trial court's ruling that they failed to exhaust their administrative remedies before challenging the California State Water Resources Control Board's certification of an environmental impact report. (*Id.* at p. 835.) The Board addressed the trial court's ruling in its respondent's brief, and only in reply did the appellants address the ruling. (*Ibid.*) The appellate court concluded the appellants forfeited their challenge because, by failing to address the trial court's ruling in their opening briefs, appellants deprived

4

the Board of the opportunity to respond to their arguments on the exhaustion issue. (*Id.* at pp. 835–836.) So, too, here. By failing to address the underlying basis for the court's ruling in its opening brief, Fidelity prevented the People from responding to its arguments on the point.

*State Water* suggested the appellants might have cured their failure to address the trial court's ruling in their opening brief by showing good reason. (*State Water*, 136 Cal.App.4th at p. 835.) At oral argument, we asked Fidelity's counsel why Fidelity failed to mention Emergency Rule 5 in its opening brief and why the issue should not consequently be forfeited. Counsel responded that Emergency Rule 5 simply expanded Penal Code section 977—which allows defendants to waive their appearance—and counsel did not address Rule 5 in the opening brief because the December 2020 conference minutes do not refer to the rule. Though true, this does not redress the fact that the trial court explicitly relied on Emergency Rule 5 to deny Fidelity's motion—the ruling from which Fidelity appeals. As such, we find counsel's response failed to provide good reason for Fidelity's failure to address Emergency Rule 5's impact on its appeal in its opening brief. Accordingly, we conclude Fidelity forfeited the issue it appeals.

II.

Judgment affirmed; costs are awarded to respondent.

5

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.